**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JOHN W. FERRON,**

**Plaintiff,**

vs.

**Civil Action 2:07-CV-1193**
**Judge Sargus**
**Magistrate Judge King**

**E360INSIGHT, LLC,** *et al.,*

**Defendants.**

## OPINION AND ORDER

Plaintiff brings this action under the Ohio Consumer Sales Practices Act, O.R.C.

§1345.01 *et seq.* ["OCSPA"], and the Ohio Electronic Mail Advertisement Act, O.R.C. §2307.64

["OEMAA"], in connection with a number of emails allegedly sent to him between May 1, 2006,

and September 21, 2007, *i.e.,* the date the Complaint was originally filed in state court.

*Complaint,* Doc. No. 3. The Complaint seeks monetary, declaratory and injunctive relief as well

as attorney's fees. *Id.* Named as defendants in the *Complaint* are e360Insight, LLC ["e360"],

and David Linhardt, identified in the *Complaint* as the president of e360. *Complaint,* ¶3. This

matter is now before the Court on the defendants' motion to dismiss the action, pursuant to F.R.

Civ. P. 12(b)(2), for lack of personal jurisdiction. Doc. No. 5 ["Motion to Dismiss"].

### I.

Plaintiff asserts that he received approximately 900 unsolicited emails from

defendants. *Affidavit of John R. Ferron,* ¶4, attached to *Memorandum contra Motion to Dismiss,*

Doc. No. 19. Defendants concede that plaintiff is a resident of Ohio and that his internet service

providers are located in Ohio. *Motion to Dismiss,* at p.5. e360 is an "on-line marketing

business" organized and operating in Illinois. *Affidavit of David Linhardt,* ¶2, attached to *Motion*

*to Dismiss,* Doc. No. 5. According to defendant Linhardt, e360 conducts all of its on-line

marketing business via the internet, but "does not specifically market to residents in the State of

Ohio." *Id.,* ¶3. Defendant Linhardt is a resident of Illinois and owns no real estate or business in

Ohio. *Id.,* ¶4. Defendant Linhardt "oversee[s] the day-to-day operations of the company." *Id.,* ¶1.

> Defendants summarize the basis of their Motion to Dismiss as follows:
>
>> ... Plaintiff can access his email or Defendant's website from anywhere in the country; if not the world. As such, whether [Plaintiff] reads his email or accesses the internet while sitting at home in Ohio, on vacation in Florida, on business in New York, or anywhere else is simply irrelevant. The issue is whether Defendants intended to specifically interact with residents of Ohio. The answer is "no."

*Motion to Dismiss,* at p.5. Defendants specifically argue that because plaintiff's email address, jferron@ferronlaw.com, provides no indication of his physical address or that of his internet service providers, there is "no revelation that contact with residents of the State of Ohio is intended by Defendants." *Id.*

## II.

A plaintiff bears the burden of establishing the existence of personal jurisdiction. *International Techs. Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997). Where no evidentiary hearing on the matter of personal jurisdiction is held, a plaintiff must make only a *prima facie* showing of jurisdiction. *Dean v. Motel 6 Operating L.P.,* 134 F.3d 1269, 1262 (6th Cir. 1998). Specifically, a plaintiff must "'demonstrate facts which support the findings of jurisdiction in order to avoid a motion to dismiss.'" *Welsh v. Gibbs,* 631 F.2d 436, 438 (1980)(quoting *Data Disc, Inc. v. Sys. Tech Assocs.*, 557 F.2d 1280, 1285 (9th Cir. 1977)). In resolving the Motion to Dismiss, the Court must view the pleadings and other evidence in the light most favorable to plaintiff without considering defendants' controverting assertions. *Bridgeport Music, Inc. v. Still N The Water Publ'g,* 327 F.3d 472, 478 (6th Cir. 2003).

A district court exercising diversity jurisdiction under 28 U.S.C. §1332 must look to the law of the forum state to determine the extent of its personal jurisdiction. *In-Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220, 224 (6th Cir. 1972) (citing *Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 376 n.2 (6th Cir. 1968)). Moreover, even where the law of

the forum state authorizes the exercise of jurisdiction over a non-resident defendant, the plaintiff must show that the exercise of long-arm jurisdiction will not offend "'traditional notions of fair play and substantial justice.'" *Bird v. Parsons,* 289 F.3d 869, 872 (6th Cir. 2002)(quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)).

### III.

Plaintiff contends that Ohio's long-arm statute, O.R.C. §2307.382,[1] authorizes the exercise of personal jurisdiction in this matter. This Court has recently held that a violation of the OCSPA gives rise to tortious injury within the meaning of O.R.C. §2307.382(A)(4),(6), *Ferron v. Echostar Satellite LLC, et al.,* C-2-06-453, Doc. No. 273 (S.D. Ohio, September 5, 2008), and authorizes tort liability on the part of corporate officers, *Ferron v. Search Cactus, L.L.P.,* 2007 WL 1792332, at *2 (S.D. Ohio, June 19, 2007). This Court concludes that Ohio's long-arm statute, O.R.C. §2703.382(A)(4),(6), authorizes the exercise of personal jurisdiction over defendants in this action.

---

[1]Plaintiff specifically refers to four (4) subsections of the statute:

(A)A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1) Transacting any business in this state;

(2) Contracting to supply services or goods in this state;

\*\*\*

(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

\*\*\*

(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably expect that some person would be injured thereby in this state.

O.R.C. §2307.382.

3

Arguing that his claims relate to defendants' contacts with Ohio, plaintiff appears to urge the Court to exercise specific, rather than general, jurisdiction over the defendants. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n.8 (1984). The exercise of such jurisdiction requires courts in the Sixth Circuit to apply the three-part test set forth in *Southern Machine, supra,* 401 F.2d at 381, delineating the outer limits of personal jurisdiction. *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., Ltd.,* 91 F.3d 790, 793 (6th Cir. 1996). First, the defendant must purposely avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. *Southern Machine, supra,* at 381. Second, the cause of action must arise from the defendant's activities there. *Id.* Third, the acts of the defendant or the consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Id.* It is on the first element of the *Southern Machine* analysis that the resolution of the Motion to Dismiss turns.[2]

A defendant whose conduct in connection with the forum is such that he "'should reasonably anticipate being haled into court there,'" has purposefully availed himself of the privilege of acting in the forum state sufficient to satisfy the notions of due process. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985)(quoting *World-Wide Volkswagen Corp v. Woodson,* 444 U.S. 286, 295 (1980)). The parties to this action disagree on whether or not defendants knew, and the significance of any such knowledge, that its emails would be received by a resident of Ohio.[3] A number of courts, including this Court, have found that sending numerous emails to a recipient in a forum state satisfies the purposeful availment requirement.

---

[2]Defendants' arguments referring to the maintenance of a website are irrelevant in light of the fact that plaintiff's claims address emails allegedly sent by defendants to him in Ohio. *Cf. Elayyan v. Sol Melia, SA,* -- F.Supp. —, 2008 WL 2945456, *8 (N.D. Ind. 2008)(maintenance of an interactive website is an insufficient basis for the exercise of personal jurisdiction because defendant "did not send unsolicited materials to Indiana residents; did not target Indiana residents with unsolicited telephone calls, facsimiles, correspondence or email.")

[3]Defendants deny that it knew -- or indeed could know -- the state residency of the recipients of its emails; plaintiff insists that defendants had either actual or statistical knowledge that its marketing activities would reach persons located in Ohio. For the reasons stated *infra,* the Court concludes that it need not resolve this evidentiary dispute.

4

*See, e.g., Ferron v. Echostar Satellite LLC, supra; Verizon Online Serv., Inc. v. Rawlski,* 203

F.Supp. 2d 601, 611-20 (E.D. Va. 2002); *Internet Doorway, Inc. v. Parks*, 138 F.Supp. 2d 773,

779-80 (S.D. Miss. 2001). In this regard, the reasoning of the court in *Aitken v. Communications

Workers of America*, 496 F.Supp. 2d 653 (E.D. Va. 2007), is particularly instructive:

> [The argument that emailers have not purposefully availed
> themselves of the privilege of conducting affairs in the forum state]
> fails because it ignores the essential nature of spamming and other
> intentional torts committed via computers and the harm these torts
> cause. ... [T]hose who commit these torts via computer and the
> Internet know, or reasonably should know, that servers are either
> targets of their conduct or the means by which their tortious
> conduct is given effect. Thus, courts have sensibly recognized that
> a spammer may not avoid personal jurisdiction by "simply
> pleading ignorance as to where these servers were physically
> located," nor by pleading ignorance of the email recipient's
> location. ... A contrary result would permit spammers and other
> tortfeasors to escape jurisdiction simply by turning a blind eye to
> the natural consequences of their actions. Here, defendant knew or
> reasonably should have known that by sending the emails to
> Verizon email addresses, their messages would necessarily go to
> Verizon servers. That they did not know the precise location of the
> server is of no constitutional moment, for it is reasonable to
> conclude that defendants purposefully availed themselves of the
> privilege of conducting activity wherever the target server was
> located ... .

*Id.*, at 559-60 (footnotes and citations omitted).

In this case, plaintiff alleges that defendants were responsible for purposefully and

intentionally sending more than 900 allegedly deceptive email advertisements to plaintiff in Ohio

through his internet service providers, which were also located in Ohio. Under these

circumstances, defendants knew or reasonably should have known that their emails would reach

individuals located in other states through servers located in other states. It is therefore

reasonable to conclude that defendants purposefully availed themselves of the privilege of

conducting activities in those other states. The Court therefore concludes that plaintiff has

satisfied the first element of the *Southern Machine* standard for the exercise of personal

jurisdiction over a non-resident defendant.

Under the second *Southern Machine* factor, the cause of action must arise out of the defendant's activities in the forum. *Southern Mach.*, 401 F.2d at 381. The United States Court of Appeals for the Sixth Circuit has commented that a "lenient standard ... applies when evaluating the 'arising from' criterion." *Bird*, 289 F.3d at 875. Plaintiff has met this standard here. As it relates to the third *Southern Machine* requirement, *i.e.,* that the acts of the defendant must have a substantial enough connection to the forum to make the exercise of jurisdiction reasonable, a presumption that the third factor has been met arises upon a showing that the first two factors have been met. *Third Nat'l Bank v. WEDGE Group, Inc.,* 882 F.2d 1087, 1092 (6th Cir. 1989). The United States Court of Appeals for the Sixth Circuit has held that Ohio has an interest in resolving a suit brought by one of its residents against defendants who purposefully avail themselves of acting in and causing consequences in Ohio. *Id.* In any event, defendants concede that Ohio "absolutely has an interest in protecting consumers from fraudulent activity ... [and] in enforcing its laws. ..." *Defendants' Reply,* at p.13, Doc. No. 25. Plaintiff has satisfied the third prong of the *Southern Machine* analysis.

Finally, the Court notes that defendant Linhardt separately denies that he can be held responsible in connection with plaintiff's claims. However, his affidavit, attached to *Motion to Dismiss,* avers that he is "responsible for overseeing the day-to-day operations at the company." *Linhardt Affidavit,* at ¶1. The Court concludes that plaintiff has satisfied his burden of establishing a *prima facie* case of personal jurisdiction over defendant Linhardt.[4]

---

[4]In their reply in support of the *Motion to Dismiss*, defendants appear to raise, for the first time, arguments that the *Complaint* fails to state a claim upon which relief can be granted against one or both of the named defendants. *Reply*, Doc. No. 25. Such arguments are better left for a motion to dismiss for failure to state a claim, *see* F.R. Civ. P. 12(b)(6), or for judgment on the pleadings, F.R. Civ. P. 12(c), or for summary judgment, F.R. Civ. P. 56.

Accordingly, defendants' Motion to Dismiss, Doc. No. 5, is **DENIED.**  Plaintiff's Motion to Strike Defendants' Reply in Support of its Motion to Dismiss, Doc. No. 27, is **DENIED** as moot.

**IT IS SO ORDERED.**

9-29-2008
**Date**

Edmund A. Sargus, Jr.
**United States District Judge**